**CT Corporation**

## Service of Process Transmittal
12/21/2021
CT Log Number 540774179

**TO:**   Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

**RE:**   **Process Served in California**

**FOR:**   FCA US LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Richard Odiorne, an Individual // To: FCA US LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Certificate, Attachment(s) |
| **COURT/AGENCY:** | Orange County, Superior Court of California, CA<br>Case # 30202101235368CUBCCJC |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2016 Dodge Ram 1500 - VIN# 1C6RR6GT2GS240849 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2021 at 09:54 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David N. Barry<br>THE BARRY LAW FIRM<br>11845 W. Olympic Blvd.<br>Suite 1270<br>Los Angeles, CA 90064<br>310-684-5859 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/21/2021, Expected Purge Date: 12/26/2021<br><br>Image SOP<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process Transmittal**
12/21/2021
CT Log Number 540774179

**TO:**   Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

**RE:**   **Process Served in California**

**FOR:**   FCA US LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Tue, Dec 21, 2021

**Server Name:**        DROP SERVICE

| Entity Served | FCA US LLC |
|---|---|
| Case Number | 30202101235368CUBCCJC |
| Jurisdiction | CA |



Electronically Filed by Superior Court of California, County of Orange, 12/09/2021 11:18:45 AM.
30-2021-01235368-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FCA US, LLC, A Delaware Limited Liability Company; and DOES 1
through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD ODIORNE, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número de Caso):* 30-2021-01235368-CU-BC-CJC<br><br>Judge Derek W. Hunt |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David N. Barry, Esq. 11845 W. Olympic Blvd., Suite 1270, Los Angeles, CA 90064  (310) 684-5859

| DATE: 12/09/2021 DAVID H. YAMASAKI, Clerk of the Court<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*     Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FCA US, LLC

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/21/21

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 12/09/2021 11:18:45 AM.
30-2021-01235368-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1  DAVID N. BARRY, ESQ. (SBN 219230)
   THE BARRY LAW FIRM
2  11845 W. Olympic Blvd., Suite 1270
   Los Angeles, CA 90064
3  Telephone: 310.684.5859
   Facsimile: 310.862.4539
4
   Attorneys for Plaintiff, RICHARD ODIORNE
5

6

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

10
   RICHARD ODIORNE, an individual,              Case No.   30-2021-01235368-CU-BC-CJC
11
12                 Plaintiff,
                                                **COMPLAINT FOR DAMAGES**
13         v.

14
15 FCA US, LLC, A Delaware Limited Liability
16 Company; and DOES 1 through 20, inclusive,
17                 Defendants.
                                                *Assigned for all purposes to the Hon.*
18                                              *in Dept.*   Judge Derek W. Hunt
19
20

21    1. Breach of Implied Warranty of Merchantability under the Song-Beverly Consumer

22       Warranty Act.

23    2. Breach of Express Warranty under the Song-Beverly Consumer Warranty Act.

24    JURY TRIAL DEMANDED.

25

26

27

28

                                      -1-

PLAINTIFF RICHARD ODIORNE, an individual, hereby alleges and complains as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.     Defendant, FCA US, LLC, is a Delaware Limited Liability Company doing business in the County of Orange, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Dodge motor vehicles and related equipment.

2.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when Plaintiff has ascertained them.  Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

3.     FCA US, LLC and Defendants, Does 1 through 20, inclusive, are collectively hereinafter referred to as "Defendants."

4.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5.     On August 16, 2018, Plaintiff purchased a used 2016 Dodge Ram 1500, VIN 1C6RR6GT2GS240849 (hereinafter referred to as the "Vehicle"), for personal, family, and/or household purposes.  The Vehicle was purchased used with only 25,217 existing miles. The Retail Installment Sale Contract ("Contract") is in the possession of Defendants.

6.     The Vehicle was/is a "new motor vehicle" under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act").

7.     Plaintiff received written warranties and other express and implied warranties including, but not limited to, warranties from Defendants that the Vehicle and its components would be free

-2-

**COMPLAINT FOR DAMAGES**

1    from all defects in material and workmanship; that the Vehicle would pass without objection in the

2    trade under the Contract description; that the Vehicle would be fit for the ordinary purposes for which

3    it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that

4    Defendants would perform any repairs, alignments, adjustments, and/or replacements of any parts

5    necessary to ensure that the Vehicle was free from any defects in material and workmanship.

6         8.    Defendants provide all Ram customers, including Plaintiffs, with a New Vehicle

7    Limited Warranty with the purchase or lease of a Ram vehicle.  The New Vehicle Limited Warranty

8    for the Vehicle, which includes a Basic Limited warranty as well as a Powertrain warranty, includes

9    in relevant part[1]:

> **"New Vehicle Limited Warranty:**
> **Basic Limited Warranty Coverage:**
> The Basic Limited Warranty lasts for 36 months from the date it begins
> or for 36,000 miles on the odometer, whichever occurs first.
> **What Is Covered in the Basic Limited Warranty:**
> The Basic Limited Warranty covers the cost of all parts and labor needed to
> repair any item on your vehicle when it left the manufacturing plant that is
> defective in material, workmanship or factory preparation. There is no list
> of covered parts since the only exception are tires and Unwired headphones.
> You pay nothing for these repairs. These warranty repairs or adjustments —
> including all parts and labor connected with them — will be made by your
> dealer at no charge, using new or remanufactured parts.
> **Powertrain:**
> The Powertrain Limited Warranty lasts for up to five years or 100,000 miles
> on the odometer, whichever occurs first.
> **What Is Covered in the Powertrain Limited Warranty:**
> Transmission case and all internal parts; torque converter; drive/flex plate;
> transmission range switch; speed sensors; pressure sensors; transmission
> control module; bell housing; oil pan; seals and gaskets for listed
> components only. Rear axle housing and all internal parts; axle shafts; axle
> shaft bearings; drive shaft assemblies; drive shaft center bearings; universal
> joints and yokes; seals and gaskets for listed components only. Transfer case
> and all internal parts; transfer case control module and shift mode motor
> assembly; axle housing and all internal parts; axle shafts; axle shaft
> bearings; drive shafts assemblies (front and rear); drive shaft center

---

[1] https://www.dodge.com/crossbrand/warranty/pdf/2016-Dodge-Generic_Warranty-3rd.pdf (last accessed December 8, 2021)

-3-

**COMPLAINT FOR DAMAGES**

bearings; universal joints and yokes; disconnect housing assembly; seals and gaskets for the listed components only.

**Towing Costs Are Covered:**

The Roadside Assistance covers the cost of towing your vehicle to the nearest authorized Chrysler, Dodge, Jeep or Ram dealer if your vehicle cannot be driven because a covered part has failed."

9.     Plaintiff has duly performed all the conditions on Plaintiff's part under the Contract and under the express and implied warranties given to Plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

10.     Plaintiff has delivered the Vehicle to the Defendants' authorized service and repair facilities, agents and/or dealers, on at least eight (8)  separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair orders and/or invoices related to said repair presentations are in the possession of Defendants.

11.     By way of example, and not by way of limitation, Plaintiff has presented the Vehicle to Defendants for repairs of defects, malfunctions, misadjustments, and/or nonconformities related to: (a) recalls #U07 to address the "AutoPark Functionality", #U61 to address the "Reprogram Powertrain Control Module", #U74 to address the "Tailgate Latch", and #U53 to address the "Occupant Restraint Control Module"; (b) the braking system on five (5) separate occasions causing a squeaking noise, the Vehicle to shudder due to warped front brake rotors, and the steering wheel pulling to the right side when applying on the brake pedal, resulting in the replacement of both front rotors, pads, and front right brake caliper; (c) the front-end clucking on two (2) separate occasions, resulting in the replacement of the upper control arms, the left and right front outer toe, and the upper intermediate steering column shaft; (d) the rear end creating an abnormal howling noise, resulting in the replacement of the rear differential pinion bearings; (d) the transmission on four (4) separate occasions causing harsh jerking, slipping, hesitating and slamming into gear during acceleration and deceleration, along with producing an unusual whining noise, resulting in a full replacement of the valve body assembly; (e) the engine on three (3) separate occasions producing a tapping noise and leaking oil, resulting in the replacement of the lifters on two (2) separate occasions, the camshaft, the rear main seal and the exhaust studs; (f) the suspension on two (2) separate occasions feeling loose

-4-
**COMPLAINT FOR DAMAGES**

when driving and leaking resulting in the replacement of both front shocks and lower control arms;

12.     Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Defendants or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

13.     Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Defendants or their representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

14.     The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief. In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

///
///
///
///
///
///
///
///
///
///

## FIRST CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability under the Song-Beverly Act

### Against all Defendants

15.     Plaintiff realleges each and every paragraph (1-14) and incorporates them by this reference as though fully set forth herein.

16.     The distribution and sale of the Vehicle was accompanied by the Defendants' implied warranty that the Vehicle was merchantable.

17.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the Contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

18.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities allegesd herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the Contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

19.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

20.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that Defendants cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to comply.

-6-
**COMPLAINT FOR DAMAGES**

21.     Plaintiff hereby gives written notice and makes demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act. Defendants, and each of them, knew of their obligations under the Song-Beverly Act; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act.

22.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the Contract, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

23.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

24.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

25.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///
///
///
///
///
///
///

## SECOND CAUSE OF ACTION

### Breach of Express Warranty under the Song-Beverly Act

### Against all Defendants

26.     Plaintiff realleges each and every paragraph (1-25) and incorporates them by this reference as though fully set forth herein.

27.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

28.     Plaintiff delivered the Vehicle to Defendants or their authorized repair facilities for repair.

29.     Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

30.     The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that Defendants provided to Plaintiff, thereby breaching Defendants' obligations under the Song-Beverly Act.

31.     Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Vehicle conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of Defendants' obligations under the Song-Beverly Act.

32.     Plaintiff hereby gives written notice and makes demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act.  Defendants and each of them, knowing their obligations under the Song-Beverly Act, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of the Song-Beverly Act.  The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

33.     As a result of the acts and/or omissions of Defendants, and each of them, and pursuant to the provisions of the Song-Beverly Act, Plaintiff is entitled to replacement of the Vehicle or

1  restitution of the amount actually paid or payable under the Contract, at Plaintiff's election, plus

2  prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set

3  forth the exact amount of restitution and interest, upon election, when that amount has been

4  ascertained.

5      34.    Additionally, as a result of the acts and/or omissions of Defendants, and each of them,

6  and pursuant to the Song-Beverly Act, Plaintiff has sustained and is entitled to consequential and

7  incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff

8  will seek leave to amend this Complaint to set forth the exact amount of consequential and/or

9  incidental damages, when those amounts have been ascertained.

10      35.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in

11  pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-

12  Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees

13  based upon actual time expended and reasonably incurred, in connection with the commencement

14  and prosecution of this action.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

1

## PRAYER FOR RELIEF

2          WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as

3   follows:

4          A.    For replacement or restitution, at Plaintiff's election, according to proof;

5          B.    For incidental damages, according to proof;

6          C.    For consequential damages, according to proof;

7          D.    For a civil penalty as provided in the Song-Beverly Act, in an amount not to exceed

8                two times the amount of Plaintiff's actual damages;

9          E.    For actual attorneys' fees, reasonably incurred;

10         F.    For costs of suit and expenses, according to proof;

11         G.    For the difference between the value of the Vehicle as accepted and the value the

12               Vehicle would have had if it had been as warranted;

13         H.    For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

14         I.    For pre-judgment interest at the legal rate;

15         J.    Such other relief the Court deems appropriate.

16

17  Date:   December 8, 2021                    THE BARRY LAW FIRM

18

19                                        By:_____

20                                            DAVID N. BARRY, ESQ.
                                              Attorney for Plaintiff,
21                                            RICHARD ODIORNE

22

23

24

25

26

27

28

-10-
**COMPLAINT FOR DAMAGES**

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE* |
| PLANTIFF: Richard Odiorne | |
| DEFENDANT: FCA US, LLC | **Dec 9, 2021** |
| Short Title: ODIORNE VS. FCA US, LLC | Clerk of the Court<br>By: Katie Trent, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01235368-CU-BC-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>06/06/2022</u> at <u>08:30:00 AM</u> in Department <u>C23</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: *Katie Trent* _____ , Deputy

**NOTICE OF HEARING**

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** ODIORNE VS. FCA US, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2021-01235368-CU-BC-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>12/09/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>12/10/2021</u>.

Clerk of the Court, by: *Katie Trent* _____ , Deputy

THE BARRY LAW FIRM
11845 W OLYMPIC BOULEVARD # 1270
LOS ANGELES, CA 90064

Page: 2

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)                                      Code of Civil Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 Rev. Dec. 2019

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                    STATE:        ZIP CODE:<br>TELEPHONE NO.:          FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
            ☐ Under section 1141.11 of the Code of Civil Procedure
            ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.


Date: _____    _____    _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)


Date: _____    _____    _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION